UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMY R. ST. CLAIR,<br><br>             Plaintiff,<br><br>     v.<br><br>STAN SCHLACHTER,<br><br>             Defendants. | No. 2:13-cv-00804 DAD P<br><br>ORDER AND<br><br>FINDINGS & RECOMMENDATIONS |

Plaintiff is a state prisoner, proceeding pro se with a civil rights action under 42 U.S.C. § 1983. Plaintiff alleges that he was sexually assaulted by defendant Stan Schlachter, then a physical therapist at Mule Creek State Prison, in violation of plaintiff's Eighth Amendment right to be free of cruel and unusual punishment.

The matter is before the court on plaintiff's motion for partial summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure on the issue of defendant's liability. Defendant has filed an opposition, and plaintiff has filed a reply. For the reasons discussed below, the undersigned recommends that plaintiff's motion be denied.

I. Background

   A. Factual Background

Plaintiff alleges as follows in his verified complaint. (ECF No. 1.) At all relevant times, plaintiff was an inmate at Mule Creek State Prison. (Id. at 2.) In May 2011, plaintiff was sent to

the prison's Central Treatment Center in order to receive physical therapy for his lower back and spine from defendant Schlachter. (Id.) Defendant Schlachter had treated plaintiff on approximately four prior occasions without incident. (Id.) On this occasion, as on previous occasions, defendant asked plaintiff to lay face-down on a massage table. (Id. at 2-3.) However, on this occasion, defendant pressed down hard on plaintiff's buttocks while rubbing his penis against the top of plaintiff's head. (Id. at 3.) This continued for 4-6 minutes while plaintiff struggled unsuccessfully to get up from the table. (Id.) According to plaintiff, he "was in agonizing pain from his chest and buttocks being pushed down against the massage table." (Id.) After defendant Schlachter released him, plaintiff told him, "I'm getting the sergeant." (Id.) Defendant Schlachter replied, "You say anything and I'll have you thrown in the hole. You'll never see daylight again." (Id.) Defendant then claimed to have access on his computer to information regarding plaintiff's family, and said he would "deal with [plaintiff's] family" if plaintiff spoke to anyone about the incident. (Id.) Plaintiff states that he delayed in reporting the incident because of these statements made by defendant Schlachter. (Id.)

B. Procedural Background

This action was commenced on April 24, 2013. (ECF No. 1.) In his verified complaint, plaintiff claims that defendant Schlachter, by sexually assaulting him, violated the Eighth Amendment's prohibition against cruel and unusual punishment. The allegations of the complaint also appear to state a claim against defendant for retaliating against plaintiff for the exercise of his First Amendment rights.[1] On February 11, 2014, after screening the complaint, the court deemed service to be appropriate on defendant Schlachter. (ECF No. 11.)

On May 20, 2014, defendant filed an answer. (ECF No. 19.) On May 22, 2014, the court issued a scheduling order setting a discovery deadline of September 12, 2014 and a motion filing deadline of December 5, 2014. (ECF No. 20.) On August 13, 2014, plaintiff filed the instant

---

[1] "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-8 (9th Cir. 2004).

1 motion for partial summary judgment (ECF No. 27.)  On September 5, 2014, defendant filed an

2 opposition (ECF No. 28), and on September 18, 2014, plaintiff filed a reply (ECF No. 32).

3 II. Standards

4     A. Summary Judgment Standard under Rule 56

5     Summary judgment is appropriate when the moving party "shows that there is no genuine

6 dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R.

7 Civ. P. 56(a).

8     Under summary judgment practice, the moving party "initially bears the burden of

9 proving the absence of a genuine issue of material fact."  In re Oracle Corp. Sec. Litig., 627 F.3d

10 376, 387 (9th Cir. 2010) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)).  The moving

11 party may accomplish this by "citing to particular parts of materials in the record, including

12 depositions, documents, electronically stored information, affidavits or declarations, stipulations

13 (including those made for purposes of the motion only), admissions, interrogatory answers, or

14 other materials" or by showing that such materials "do not establish the absence or presence of a

15 genuine dispute, or that the adverse party cannot produce admissible evidence to support the

16 fact."  Fed. R. Civ. P. 56(c)(1)(A), (B).  When the non-moving party bears the burden of proof at

17 trial, "the moving party need only prove that there is an absence of evidence to support the

18 nonmoving party's case."  Oracle Corp., 627 F.3d at 387 (citing Celotex, 477 U.S. at 325.); see

19 also Fed. R. Civ. P. 56(c)(1)(B).  Indeed, summary judgment should be entered, after adequate

20 time for discovery and upon motion, against a party who fails to make a showing sufficient to

21 establish the existence of an element essential to that party's case, and on which that party will

22 bear the burden of proof at trial.  See Celotex, 477 U.S. at 322.  "[A] complete failure of proof

23 concerning an essential element of the nonmoving party's case necessarily renders all other facts

24 immaterial."  Id.  In such a circumstance, summary judgment should be granted, "so long as

25 whatever is before the district court demonstrates that the standard for entry of summary

26 judgment, . . ., is satisfied."  Id. at 323.

27     If the moving party meets its initial responsibility, the burden then shifts to the opposing

28 party to establish that a genuine issue as to any material fact actually does exist.  See Matsushita

Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of its pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. See Fed. R. Civ. P. 56(c)(1); Matsushita, 475 U.S. at 586 n.11. The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, see Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987).

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." T.W. Elec. Serv., 809 F.2d at 631. Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" Matsushita, 475 U.S. at 587 (citations omitted).

"In evaluating the evidence to determine whether there is a genuine issue of fact," the court draws "all reasonable inferences supported by the evidence in favor of the non-moving party." Walls v. Central Costa County Transit Auth., 653 F.3d 963, 966 (9th Cir. 2011). It is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. See Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987). Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 587 (citation omitted).

////

////

B. <u>Standard re: Civil Rights Act pursuant to 42 U.S.C. § 1983</u>

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See <u>Monell v. Department of Social Servs.</u>, 436 U.S. 658 (1978); <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

C. <u>Standard re: Eighth Amendment violation</u>

The unnecessary and wanton infliction of pain constitutes cruel and unusual punishment prohibited by the Eighth Amendment. <u>Whitley v. Albers</u>, 475 U.S. 312, 319 (1986); <u>Ingraham v. Wright</u>, 430 U.S. 651, 670 (1977); <u>Estelle v. Gamble</u>, 429 U.S. 97, 105-06 (1976). In order to prevail on a claim of cruel and unusual punishment, a prisoner must allege and prove that objectively he suffered a sufficiently serious deprivation and that subjectively prison officials acted with deliberate indifference in allowing or causing the deprivation to occur. <u>Wilson v. Seiter</u>, 501 U.S. 294, 298-99 (1991). Sexual abuse of prisoners has been held to constitute cruel and unusual punishment. <u>Schwenk v. Hartford</u>, 204 F.3d 1187, 1197 (9th Cir. 2000).

III. <u>Analysis</u>

At trial, plaintiff would bear the burden of proving that defendant Schlachter sexually assaulted him and subsequently threatened to harm him and his family if he reported the act. The difficulty for plaintiff is that, in his moving papers, he has failed to establish "that there is no genuine dispute as to any material fact," Fed. R. Civ. P. 56(a), on the issue of whether the sexual assault and the threats occurred. "Material facts are those necessary to the proof or defense of a claim, and are determined by reference to the substantive law." <u>Nat'l Am. Ins. Co. v. Certain</u>

5

1 Underwriters, 93 F.3d 529, 540 (9th Cir. 1996).  In the context of plaintiff's claims, material facts

2 would be those setting forth the circumstances of the alleged sexual assault and of defendant

3 Schlachter's subsequent threats.

4     Plaintiff has filed a declaration in support of this motion, which provides as follows:

> After I arrived [for physical therapy], [defendant Schlachter] asked me to lay on my stomach on the massage table with my face in the massage table face holder, which he had done before for treatment. This time, however, as soon as I put my face in the holder, defendant began pressing down hard on my buttocks while rubbing his penis against the top of my head.  I struggled to get off the massage table.  However, defendant was able to continue holding me down while rubbing his penis against my head.  I was in agonizing pain from my chest and buttocks being pushed down against the massage table.  After about 4 to 6 minutes, defendant released me.  I sat up, barely able to breathe and speak because of the pressure on my chest during my struggle to get up.  I said, "I'm getting the sergeant."  Defendant then threatened me, stating, "You say anything and I'll have you thrown in the hole.  You'll never see daylight again."  Defendant also threatened to harm my family if I reported him, stating[,] "Your file is deleted.  I can get your family's information off this computer, if you say anything, I will deal with your family."  Because of defendant's threats to me and my family, I did not report defendant at once.

(ECF No. 27 at 5-6.)[2]

However, plaintiff does not cite to this portion of his declaration, or to any other evidence of the claimed assault and threats, in the statement of undisputed facts on which he bases this motion.[3]  (See ECF No. 27 at 13-17.)  Plaintiff's first five undisputed facts provide (i) that he was seen by defendant Schlachter for physical therapy on May 5, 2011, (ii) that the design of defendant's massage table conforms with the description above, (iii) that defendant used a screen that blocked others' view of his patients, (iv) that defendant used a computer inside the room in which he provided physical therapy, and (v) that defendant ceased working as a physical therapist

---

[2] These statements echo allegations in paragraphs 9-11 of plaintiff's verified complaint (ECF No. 1), which defendant either denies, or claims to lack the necessary knowledge and information to respond to, in paragraphs 9-11 of his answer.  (ECF No. 19.)

[3] Local Rule 260(a) provides:  "Each motion for . . . summary adjudication shall be accompanied by a 'Statement of Undisputed Facts' that shall enumerate discretely each of the specific material facts relied upon in support of the motion and cite the particular portions of any pleading, affidavit, deposition, interrogatory answer, admission, or other document relied upon to establish that fact."

1    at Mule Creek State Prison on August 30, 2011.  (Id. at 13-14.)  Plaintiff's eleventh undisputed
2    fact provides that defendant did not have an assistant in the room with him when he treated
3    inmates.  (Id. at 15.)  Plaintiff's sixth through tenth, twelfth, and thirteenth undisputed facts
4    provide that four other Mule Creek inmates have also alleged that defendant Schlachter sexually
5    assaulted them.  (Id. at 14-16.)  Finally, plaintiff's final two undisputed facts set forth various
6    discovery responses regarding defendant Schlachter's inability to produce documents supporting
7    certain contentions in his answer.  (Id. at 16-17.)  In other words, these undisputed facts[4] describe
8    neither the circumstances of defendant's alleged sexual assault of plaintiff, nor of any subsequent
9    threats.
10         Similarly, in his points and authorities in support of this motion, plaintiff does not contend
11   that the sexual assault and threats took place and then cite to evidentiary materials (such as the
12   portion of his declaration quoted above) supporting those contentions.  Instead, plaintiff merely
13   argues for the admissibility of "evidence that defendant sexually assaulted Erwin Savoy, Shane
14   Beaudoin, Harry Olivarez, and John Martinez while they were all inmates at [Mule Creek State
15   Prison.]"  (ECF No. 27 at 19.)  The undersigned declines to rule on the admissibility of this
16   evidence because, for purposes of this motion, it does not bear on whether plaintiff has
17   established – as a matter beyond dispute – that defendant sexually assaulted him and then
18   threatened him.
19         For the court to rule in plaintiff's favor, it would have to essentially rewrite his motion.
20   First, the court would have to interpret plaintiff's declaration as setting forth undisputed facts
21   regarding the assault and threats.  Second, the court would have to impute to plaintiff the
22   argument that this evidence establishes the absence of any issue as to defendant's commission of
23   the charged assault and subsequent retaliatory acts.  At this point, the defendant would have to be
24   /////
25   /////
26

---

[4] For the most part, defendant Schlachter does not dispute these facts.  (See Separate Statement of Undisputed Facts in Support of Defendant's Opposition to Plaintiff's Motion for Summary Judgment, ECF No. 30.)

1    given the opportunity to rebut the argument which the court had constructed.[5] The undersigned
2    declines to do so. While courts have recognized that "[i]t would not be realistic to impute to a
3    prison inmate . . . an instinctual awareness that the purpose of a motion for summary judgment is
4    to head off a full-scale trial by conducting a trial in miniature, on affidavits[,]" Jacobsen v. Filler,
5    790 F.2d 1362, 1364 n. 4 (9th Cir. 1986) (quoting Lewis v. Faulkner, 689 F.2d 100, 102 (7th Cir.
6    1982)), these concerns arise when inmates are in the position of having to oppose a summary
7    judgment motion, i.e., when they must provide sufficient evidence to avoid an adverse, final
8    adjudication on the merits. Courts are then in the position of having to balance preservation of
9    prisoner litigants' right of access to the courts with fair application of "the intricacies of civil
10   procedure," Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998). No such concerns are
11   presented here, where it is the plaintiff who is attempting to obtain a favorable judgment on the
12   issue of liability. It is therefore incumbent upon plaintiff, as the moving party, to initially
13   establish "the absence of a genuine issue of material fact," Oracle Corp., 627 F.3d at 387, which
14   he has failed to do. There appears to be some truth in defendant's assertion that "[p]laintiff failed
15   to put material facts in his [statement of undisputed facts] because he knew they would, in fact, be
16   disputed. As such, [p]laintiff has not put his alleged sexual assault at issue, and a finding of
17   liability o[n] the alleged sexual assault would be improper." (Opposition (ECF No. 28) at 3.)

18        Ultimately, then, plaintiff has simply failed to shift the burden to the defendant to
19   demonstrate the existence of a genuine issue as to any material fact regarding defendant's
20   liability. Accordingly, plaintiff's pending motion for summary judgment in his favor should be
21   denied.

22   IV. Conclusion

23        IT IS HEREBY ORDERED that the Clerk of the Court is directed to assign a district
24   judge to this case.

---

25   [5] In his opposition to the pending motion for summary judgment defendant provides: "As noted
26   above, Plaintiff's [separate statement of undisputed material facts], which sets forth the material
     facts needed to establish Defendant's liability for the alleged sexual assault, do not contain
27   mention of any alleged sexual assault, and do not refer to Plaintiff's declaration. To the extent the
     court nonetheless considers Plaintiff's declaration as setting forth material facts, Defendant
28   requests that he be permitted to provide supplemental briefing and evidence on this issue."

1    IT IS HEREBY RECOMMENDED that plaintiff's motion for partial summary judgment (ECF No. 27) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  January 5, 2015

DAD:10
stcl0804.msj

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

9