UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMY R. ST. CLAIR, | No. 2:13-cv-0804 KJM DAD P |
| Plaintiff, | |
| v. | ORDER |
| STAN SCHLACHTER, | |
| Defendant. | |

Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge as provided by 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. Because defendant has never responded to the court's order directing filing of the form to indicate consent or not, the case has now been assigned to the undersigned as presiding judge. *See* ECF 16.

On January 6, 2015, the magistrate judge filed findings and recommendations, which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within fourteen days. Plaintiff has filed objections to the findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a de novo review of this case. Having carefully reviewed the file, the

/////

1

court adopts the magistrate judge's ultimate recommendations but with the clarification provided below.  Specifically, plaintiff's motion for partial summary judgment will be denied without prejudice.

The United States Court of Appeals for the Ninth Circuit has "held consistently that courts should construe liberally motion papers and pleadings filed by *pro se* inmates and should avoid applying summary judgment rules strictly." *Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010).  Plaintiff's declaration filed with his motion for summary judgment and his verified complaint, referred to in the declaration, are sufficient evidence of the alleged assault by defendant Schlacter to shift the burden to defendant to bring forth evidence in opposition to the material averments of those documents.  *See*, *e.g.*, *Johnson v. Meltzer*, 134 F.3d 1393, 1399-1400 (9th Cir. 1998).  In opposing the motion, defendant elected not to tender such evidence and instead chose to argue that plaintiff's failure to specifically indicate in his declaration that the material facts of the alleged assault are undisputed or to include those averments in his separate statement of undisputed facts is sufficient, without more, to defeat summary judgment.  Defendant also argues that plaintiff's declaration is insufficient without corroboration to establish material facts of the alleged assault.  For the reasons set forth here, neither of these contentions has merit.

In sum, the court is faced with a record where there is no evidence tendered in opposition to the material averments of plaintiff's declaration and his verified complaint.  As the magistrate judge notes, in his opposition to the motion defendant did request an opportunity to provide supplemental briefing and evidence if the court considered "Plaintiff's declaration  as setting forth material facts."  ECF No. 35 at 8 n.5 (quoting Def.'s Opp'n, ECF No. 28 at 6).  This court's review of the record gives rise to a substantial inference that defendant is likely, if given another opportunity, to come forward with such evidence.  Defendant has denied all material averments of the complaint in his answer; the answer however is not verified and therefore has no evidentiary value on summary judgment.  *See* ECF No. 19.  In addition, defendant did not file his own motion for summary judgment within the time originally set by the magistrate judge for dispositive motions in this action.  From this, the court concludes that key facts material to

2

1  plaintiff's claim are likely in dispute.  In the interests of judicial economy and justice, the court
2  will deny plaintiff's motion for partial summary judgment without prejudice.  The parties will be
3  given a period of thirty days in which to meet and confer to determine whether plaintiff's motion
4  for partial summary judgment should be renewed or, instead, whether this action should proceed
5  to pretrial conference and jury trial.

      Accordingly, IT IS HEREBY ORDERED that:

1. The recommendations filed January 6, 2015 are adopted with the clarification provided in this order;

2. Plaintiff's motion for partial summary judgment (ECF No. 27) is denied without prejudice;

3. Within thirty days from the date of this order the parties shall meet and confer and file a joint statement setting forth their views on whether plaintiff's motion for partial summary judgment should be renewed or, instead, whether this action should proceed to pretrial conference and jury trial.

DATED:  March 30, 2015.

_____
UNITED STATES DISTRICT JUDGE