UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMY ST. CLAIR, | No. 2:13-cv-0804-KJM-EFB (TEMP) |
| Plaintiff, | |
| v. | ORDER |
| STAN SCHLACHTER, | |
| Defendant. | |

       Plaintiff Jimmy St. Clair is a state prisoner. He filed this action in mid-2013, at the time without representation, alleging he was sexually assaulted by defendant Stan Schlachter, who was then a therapist in Mule Creek State Prison. ECF No. 1. St. Clair pursues relief under 42 U.S.C. § 1983 for a violation of his Eighth Amendment right to be free from cruel and unusual punishment.

       St. Clair moved for summary judgment in August 2014, which motion was denied in March 2015. ECF No. 37. On June 8, 2015, the court appointed Matthew Vanis and Edward Gaus as counsel. ECF No. 45. A status conference was set for June 25, 2015. *Id.* On the court's own motion, that status conference was reset for August 27, 2015, ECF No. 47, and on the parties' stipulation, the conference was again reset for October 15, 2015, ECF No. 49. The court issued a scheduling order on October 20, 2015, partially reopening discovery and setting dates

and deadlines for the remainder of the case.  All discovery was to be completed by March 18, 2016, dispositive motions were to be heard no later than April 22, 2016, a final pretrial conference was set for July 15, 2016, and a trial was set for August 29, 2016.  ECF No. 54.  Regarding modification of this order, the court cautioned the parties as follows:

> [P]ursuant to Rule 16(b) of the Federal Rules of Civil Procedure, the Status (Pretrial Scheduling) Order shall not be modified except by leave of court upon a showing of good cause.  Agreement by the parties pursuant to stipulation alone does not constitute good cause.  Except in extraordinary circumstances, unavailability of witnesses or counsel does not constitute good cause.

*Id.* at 7.

On February 29, 2016, the parties filed a stipulation and proposed order to continue the trial date and other deadlines.  ECF No. 60.  They explained that

(1) "Dr. Keller, and Dr. Pickering, two of Plaintiff's treating psychologists with important and highly relevant information regarding this case, are both on leave from their positions, and the parties have been unable to schedule their depositions at this time," *id.* ¶ 9;

(2) "Linda Strickland, the investigator from the California Department of Consumer Affairs who conducted an investigation into the alleged incidents involved in this case, has left the Department of Consumer Affairs and the parties are continuing to attempt to locate Ms. Strickland for a future deposition," *id.* ¶ 10; and

(3) "Due to a last minute scheduling conflict for defense counsel, Defendant is forced to reschedule the depositions of Drs. Smith, Andrews, and Young," *id.* ¶ 12.

In short, witnesses and counsel were unavailable.  The parties have not alerted the court to any "extraordinary circumstances."  But they request all pending dates and deadlines be extended sixty days.  In the alternative, they request only the discovery cut-off be extended.

The court must as a general rule enforce pretrial deadlines or risk the loss of its orders' credibility.  *See, e.g.*, *Singh v. Arrow Truck Sales, Inc.*, No. 05-2564, 2006 WL 1867540, at *2 (E.D. Cal. July 5, 2006) (quoting *Legault v. Zambrano*, 105 F.3d 24, 28–29 (1st Cir. 1997)).  This case has also been substantially delayed in light of the late-stage appointment of counsel.  The court nevertheless recognizes Messrs. Vanis and Gaus agreed to represent Mr. St. Clair and

were selected from the court's pro bono attorney panel.  In these circumstances, an extension of the discovery deadline alone is appropriate.

The discovery cut-off is extended to **April 15, 2016**.  All other dates remain in place, as does the balance of this court's Order of October 20, 2015, ECF No. 54.

IT IS SO ORDERED.

DATED:  March 3, 2016.

_____
UNITED STATES DISTRICT JUDGE

3