KAMALA D. HARRIS, State Bar No. 146672
Attorney General of California
VLADIMIR SHALKEVICH, State Bar No. 173955
Acting Supervising Deputy Attorney General
DEMOND L. PHILSON, State Bar No. 220220
Deputy Attorney General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 322-9674
 Fax: (916) 327-2247
 E-mail: Demond.Philson@doj.ca.gov
*Attorneys for Real Party in Interest
Physical Therapy Board of California - DCA*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| JIMMY ST. CLAIR,<br><br>                         Plaintiff,<br><br>     v.<br><br>STAN SCHLACHTER,<br><br>                         Defendant, | 2:13-cv-00804-KJM-EFB (TEMP)<br><br>**JOINT STIPULATED PROTECTIVE ORDER** |

**IT IS STIPULATED BY THE PARTIES, BY AND THROUGH THEIR RESPECTIVE COUNSEL, AND ORDERED BY THE COURT AS FOLLOWS:**

**A.     CONFIDENTIAL MATERIAL SUBJECT TO THIS PROTECTIVE ORDER.**

In this action Plaintiff Jimmy St. Clair is suing Defendant Stan Schlachter for sexual assault. At the time of the alleged assault, Defendant Schlachter was licensed by Physical Therapy Board of California, which is a part of the California Department of Consumer Affairs (Board). At the time of the alleged assault, Defendant Schlachter was employed by Supplemental

1

Health Care Services and provided services to Mule Creek State Prison (MCSP), California Department of Corrections and Rehabilitation (CDCR) on a contract basis.  This incident and other incidents were investigated by the Board who prepared a confidential investigation report documenting the result of the investigation.  On or about March 9, 2015, Plaintiff St. Clair served an updated subpoena for records on the Board, seeking to procure investigative files concerning the Board's investigations into allegations against Defendant Schlachter made by himself, and also by other patients.  Plaintiff St. Clair filed a motion to compel compliance with the subpoena.  The Board opposed Plaintiff St. Clair's motion to compel compliance with the subpoena.  On May 23, 2016, the court ordered that Plaintiff St. Clair and the Board submit to the court a mutually-drafted protective order.  In addition it ordered that all documents responsive to the subpoena, limited by relevance and privacy concerns, and subject to the protective order, shall be produced to Plaintiff St. Clair.

### B. NEED FOR PROTECTION OF CONFIDENTIAL MATERIAL.

The Board contends that the investigative report is protected by the official information and deliberative process privileges.  The Board asserts that maintaining confidentiality of the investigative report is necessary to encourage witnesses to provide candid and truthful statements and that the release of the information to inmates would endanger institutional safety by disclosing the processes and procedures used to respond to inmate violence.  Disclosure also could inform inmates of the Board's investigatory techniques and could hamper future investigations.

The Board maintains that the personnel file of Defendant Schlachter is protected by the official information privilege, the right of privacy, under California Constitution Article I, section 1, Penal Code sections 832.5, 832.7, 832.8, Government Code section 6254, Civil Code sections 1798.24 and 1798.40, and California Code of Regulations Title, 15 section 3400.  The Board further maintains that the personnel files also are protected under California Evidence Code section 1040, *et. seq.,* including section 1043.  In addition, the Board asserts that the personnel file of Defendant Schlachter is considered as confidential under California Code of Regulations, title 15, section 3321, the disclosure of which to an inmate could: (1) endanger the safety of other

inmates and staff of the Board and or CDCR employees, or (2) jeopardize the security of the institution.

The Board maintains that the medical records of Defendant Schlachter and other patient-inmates within CDCR are protected by the right of privacy, under California Constitution, Article I, section 1. The medical records contain identifying information and health information pertaining to individuals other than Plaintiff and Defendant and pertains to events other than interaction between Plaintiff and Defendant that is subject of this litigation.

The confidential material has been identified by the parties and is attached as Exhibit A.

### C.  NEED FOR A COURT ORDER.

In the course of this litigation, Plaintiff St. Clair has subpoenaed the investigative reports prepared by the Board concerning investigation it performed concerning complaints by Plaintiff St. Clair and other California inmates against Defendant Schlachter.  Since the Board is not a party to this litigation, a private agreement among the parties is not sufficient to protect the Board's interests in maintaining the confidentiality of these investigative documents.

### D.  CONDITIONS FOR RELEASE OF CONFIDENTIAL DOCUMENTS

The Court orders the following to protect the confidentiality of the confidential documents described above:

1. The provisions of this Protective Order apply to the confidential records and information ("confidential material") designated by Plaintiff St. Clair and/or the Board as "Confidential," and those confidential records and information which the Court orders the Board to produce.  The Court-issued Protective Order applies because those documents contain confidential information, which if shared, could jeopardize the safety and security of the Board employees and/or CDCR institutions, its employees, inmates, informants and their families, the Defendants, or other individuals.

2. The confidential material may be disclosed only to the following persons:

(a) Plaintiff St. Clair's retained attorney(s) of record;

(b) The attorney(s) of record for Defendant and the Board;

///

      (c) Any paralegal, secretarial, or clerical personnel regularly employed by counsel for St. Clair, Defendant, and the Board, who are necessary to aid counsel for St. Clair, Defendant, and the Board in the litigation of this matter;

      (d) Court personnel and stenographic reporters necessarily involved in these proceedings; and

      (e) Any outside expert or consultant retained by counsel for St. Clair, Defendant, and/or the Board for purposes of this action.

    3. Confidential material and or information contained within the confidential material may be used, discussed, or disclosed to any witness, including inmates, former inmates, parolees or former parolees, provided that the documents have been redacted to protect the personally identifiable information and privacy interests of persons referenced within the materials. Before discussing, disclosing, or using any confidential materials provided by the Board, Counsel for the respective parties will submit redacted versions of any documents they wish to discuss, disclose or otherwise use at trial, to the attorney for the California Board of Physical Therapy. The attorney for the California Board of Physical Therapy will review the proposed redactions to ensure they are complete and protect the privacy interests of the individuals discussed in those documents, Board and the public. If the attorney for the Board believes additional information should be redacted, he will notify Counsel who submitted the document and inform them of further redactions, and the reason for the further redactions. If the attorney for the Board agrees the redactions are acceptable, he will send written notice of their review to the respective counsel.

None of the unredacted confidential material or information contained within the confidential material shall be shown to St. Clair, or shown to, discussed with, or disclosed in any other manner to any other inmate or former inmate, any parolee or former parolee, or any other person not indicated in paragraph 2, unless a written waiver expressly authorizing such disclosure has been obtained from counsel for the Board, who shall maintain possession and control over the original confidential material.

    4. No person who has access to the confidential material, as set forth in paragraph 2, shall copy any portion of the confidential material, except as necessary to provide a copy of the

confidential material to any other authorized individual listed in paragraph 2, or to submit copies to the Court under seal in connection with this matter.  Any copies made for such purpose will be subject to this order.  A copy of this order must be provided to any individual authorized to access the confidential material before providing that individual with access to the confidential material, and that individual must agree in writing to comply with this order.  Counsel for the parties shall maintain a record of all persons to whom access to the confidential material has been provided.   The Court and counsel for the Board may request a copy of such record at any time to determine compliance with the Court's order.

      5.      Any exhibits or documents filed with the Court that reveal confidential material, or the contents of any confidential material, shall be submitted on purple or pink paper, filed under seal, labeled with a cover sheet bearing the case name and number and the statement:  "This document is subject to a Protective Order issued by the Court and may not be copied or examined except in compliance with that Order."  Documents so labeled shall be kept by the Clerk of this Court under seal and shall be made available only to the Court or counsel of record for the parties.  If any party fails to file confidential material in accordance with this paragraph, any party may request that the Court place the filing under seal.

      6.      The portion(s) of any transcript of a deposition of any witness testifying about confidential information shall be designated as confidential by the court reporter at the request of the Board and kept under seal subject to a further order of the Court.  Information or material designated as confidential by the Board may be disclosed or discussed in open court, subject to a Motion in Limine and/or Motion for Protective Order filed by Defendant and/or the Board.

      7.      At the conclusion of the proceedings in this case, including any period for appeal or collateral review, or upon other termination of this litigation, counsel for St. Clair shall destroy all confidential materials and all copies of such material in counsel's possession or return such materials to counsel for the Board.

      8.      All confidential material in this matter shall be used solely in connection with the litigation of this matter, or any related appellate proceeding and collateral review, and not for any other purpose, including any other litigation or proceeding.

9.    Any violation of this order may result in sanctions by this Court, including contempt, and may be punishable by state or federal law.

10.    The provisions of this order are without prejudice to the right of any party:

    a.    To apply to the Court for a further protective order relating to any other confidential documents or material, or relating to discovery in this litigation;

    b.    To apply to the Court for an order removing the confidential material designation from any documents; or

    c.    To object to a discovery request.

11.    The provisions of this order shall remain in effect until further order of this Court. The Court will provide counsel for the Board an opportunity to be heard should the Court find modification of this order necessary.

**SO STIPULATED.**

Dated: _____    signature on original
                                                      EDWARD B. GAUS, ESQ.
                                                      Attorney for Plaintiff

Dated: _____    KAMALA D. HARRIS
                                                      Attorney General of California
                                                      VLADIMIR SHALKEVICH
                                                      Acting Deputy Attorney General

                                                      signature on original
                                                      DEMOND L. PHILSON
                                                     Deputy Attorney General
                                                     *Attorneys for Real Party in Interest*
                                                     *Physical Therapy Board of California - DCA*

---

The Court hereby approves the stipulated protective order.

**IT IS SO ORDERED.**

DATED: June 7, 2016.                    _/s/ Edmund F. Brennan_
                                    EDMUND F. BRENNAN
                                    UNITED STATES MAGISTRATE JUDGE